Filed 9/18/14  P. v. Palacios CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B254109 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA416056) |
| v. | |
| PEDRO PALACIOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jean Arthur, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Pedro Palacios was convicted by jury of possession of cocaine base for the purpose of sale, in violation of Health and Safety Code section 11351, subdivision (a). Defendant admitted serving seven prior prison terms (Pen. Code, § 667.5, subd. (b)), and suffering seven prior convictions for sale or possession for sale of controlled substances (Health & Saf. Code, § 11370.2, subd. (a)). The trial court also found defendant in violation of probation in case No. BA406600. The court sentenced defendant to 20 years in the county jail. Defendant was sentenced to the upper term of 5 years on the charged offense, enhanced by a total of 15 years for the prior convictions under Health & Safety Code section 11370.2, subdivision (a). The court struck the prior prison terms enhancements for purposes of sentencing.

Defendant filed a timely notice of appeal from the judgment. This court appointed counsel to represent defendant on appeal. On August 7, 2014, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised of his right to file a supplemental brief within 30 days.

Defendant filed a letter brief with the court arguing (1) he received ineffective assistance of counsel by multiple attorneys throughout the proceedings, (2) there was incorrect prior sentencing and commitment times in connection with case No. BA364020, which was confused with case No. BA406600 during sentencing; (3) counsel was ineffective in her questioning regarding where defendant obtained the $71 in his possession at the time of his arrest; and (4) counsel had inadequate time to prepare.

We have completed our independent review of the record. Our review of the record reveals there are no arguable contentions on appeal and defendant's contentions lack merit.

The record contains substantial evidence that defendant possessed cocaine base for the purpose of sale. The arresting officer observed defendant in the skid row area of Los Angeles, a location known for narcotic sales. Defendant secreted multiple bindles of cocaine base in his mouth. After trying to swallow the bindles, defendant spit them out

2

and stomped on them in an attempt to destroy the evidence. The arresting officer qualified as an expert on the subject of the use, possession, and sale of controlled substances, and opined that defendant possessed the cocaine base for the purpose of sale. The officer based his opinion on the amount of cocaine base possessed by defendant, the manner of packaging in bindles, the location of the offense in an area known for narcotic sales, the absence of evidence defendant was a cocaine base user, and the $71 in cash in defendant's wallet.

The jury was properly instructed on the law, and the sentence imposed was within the limits of judicial discretion. No arguable appellate contentions exist and we are satisfied that appointed appellate counsel fulfilled her constitutional obligations.

Defendant's vague claim that he received ineffective assistance of counsel by multiple attorneys throughout the proceedings fails to present an arguable appellate contention. Defendant does not attempt to explain in what manner his "multiple attorneys" provided ineffective assistance of counsel.

Trial counsel certainly did not provide ineffective assistance. She attempted to resolve the case with a favorable disposition of 10 ten years in custody, but defendant rejected the disposition, despite the trial court telling him directly that he thought the case was worth 20 years given defendant's recidivism as a drug dealer. Trial counsel also thoroughly cross-examined the arresting officer on every aspect of the case, including the recovery of the drugs and his opinion defendant possessed the cocaine base for sale. After an hour of cross-examination, the trial court exercised its discretion under Evidence Code section 352 to terminate the examination. Contrary to defendant's contention, defense counsel did establish through cross-examination that defendant might have had $71 in his possession from a general relief check. Defense counsel presented a vigorous argument to the jury that there was a reasonable doubt whether defendant possessed the cocaine base for the purpose of sale. There is nothing in the record on appeal to suggest that trial counsel did not have adequate time to prepare, and our review of her performance at trial provides not hint of inadequate preparation. The challenge to counsel's performance in the trial court is without merit.

Finally, defendant's conclusory claim that two cases were somehow confused in the probation report does not raise an arguable appellate contention. Defendant does not explain why he thinks the cases were confused, nor does he explain the significance of any confusion. This court has reviewed the probation report, and there is nothing on the face of the report that reflects any confusion regarding defendant's criminal history. Considering defendant's 14 prior felony convictions, his deportation order, and the fact he was on probation at the time of this offense, defendant has fallen woefully short of establishing prejudice, even if there was some confusion among his numerous cases. (Cal. Const., art. VI, § 13.)

The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:



TURNER, P. J.



MINK, J.[*]

_____

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.